UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBER R. ANDRADE,<br><br>        Petitioner,<br><br>  v.<br><br>CAL. BOARD OF PRISON HEARINGS,<br><br>        Respondent. | 1:10-cv–1123-SMS-HC<br><br>ORDER DIRECTING PETITIONER TO FILE A SUPPLEMENT TO THE PETITION CONTAINING A VERIFICATION AND SIGNATURE NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (Doc. 1)<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (Doc. 1)<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES (Doc. 1) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by

1

Petitioner on July 1, 2010 (doc. 3).

Pending before the Court is the petition, which was filed on June 22, 2010.

## I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

Case 1:10-cv-01123-SMS   Document 4   Filed 01/21/11   Page 3 of 9

(9th Cir. 2001).

## II. Formal Defects in the Petition

The portion of the petition containing arguments (pet. 7-16) is respectfully submitted and bears the signature of Petitioner. (Pet. 16.)  However, the verification portion of the petition form is not signed.  (Pet. 6.)  Thus, the petition itself is not signed or declared to be true under penalty of perjury.

Rule 2(c)(5) of the Rules Governing Section 2254 Cases (Habeas Rules) requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner...."

## III. Order to Submit a Supplement to the Petition

In light of the difficulty in having Petitioner submit an entire new petition because the petition was not signed under penalty of perjury, Petitioner is DIRECTED to submit to this Court no later than thirty (30) days after the date of service of this order a document entitled "Supplement to the Petition" that is labeled with the case number of the present proceeding and which is to consist of a declaration in which Petitioner declares under penalty of perjury under the laws of the United States of America that the matters alleged in the petition filed in this proceeding on June 22, 2010, are true and correct.  The declaration must indicate the date it was executed, and it must be signed by Petitioner.  See 28 U.S.C. § 1746.

## IV. Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner is an inmate of the California Substance Abuse and Treatment Facility at Corcoran (CSATF). Petitioner challenges the state parole authorities' decision on or about May 23, 2007, to deny parole to Petitioner.  Petitioner

3

1  named as Respondent the "Cal. Board of Prison Hearings."  (Pet. 1.)

2  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate.  <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

The warden at CSATF is Kathleen Allison.

Here, Petitioner did not name the proper official.  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  <u>Stanley</u>, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent.  See, <u>In re Morris</u>, 363 F.3d 891, 893-94 (9th Cir. 2004).  In the interest of judicial economy, Petitioner need not

4

file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

### V. Order Granting Leave to Petitioner to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent.  Failure to amend the petition and state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

### VI.  Failure to Allege Exhaustion of State Court Remedies

Petitioner argues that his constitutional rights were violated by a decision of the state parole authorities. Petitioner raises the following four claims: 1) the decision was not supported by some evidence that Petitioner remained a current threat to society and thus violated Petitioner's right to due process of law, 2) the presence of law enforcement officers on the board rendered it biased, and thus his right to a neutral hearing body was infringed, 3) Petitioner was denied his right to a jury trial in view of the length of his incarceration, and 4) Petitioner has a protected liberty interest. (Pet. 4-8.)  The Court understands that the first and fourth claims relate to Petitioner's claim of a violation of due process of law and in essence constitute a single claim.

A petitioner who is in state custody and wishes to challenge collaterally a decision by a petition for writ of habeas corpus

must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
The exhaustion doctrine is based on comity to the state court and
gives the state court the initial opportunity to correct the
state's alleged constitutional deprivations.  Coleman v.
Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
1988).

   A petitioner can satisfy the exhaustion requirement by
providing the highest state court with the necessary jurisdiction
a full and fair opportunity to consider each claim before
presenting it to the federal court, and demonstrating that no
state remedy remains available.  Picard v. Connor, 404 U.S. 270,
275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
1996).  A federal court will find that the highest state court
was given a full and fair opportunity to hear a claim if the
petitioner has presented the highest state court with the claim's
factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365
(1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10
(1992), superceded by statute as stated in Williams v. Taylor,
529 U.S. 362 (2000) (factual basis).

   Additionally, the petitioner must have specifically told the
state court that he was raising a federal constitutional claim.
Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
(9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala
v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,
133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United
States Supreme Court reiterated the rule as follows:

   In Picard v. Connor, 404 U.S. 270, 275...(1971),

> we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

7

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Petitioner submitted with the petition a copy of a state trial court decision on Petitioner's petition for writ of habeas corpus. (Pet. 133-42.) It does not appear that all of Petitioner's claims were raised in that court. Petitioner submitted an order from the California Supreme Court denying a petition for writ of habeas corpus on April 14, 2010. (Pet. 143.) However, Petitioner did not submit his petition filed in the California Supreme Court, and he did not specifically describe the proceedings in the state courts in which he exhausted his claims. Petitioner has not shown that he exhausted his state court remedies with respect to each of his several claims.

Therefore, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his numerous claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court.

Thus, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

VII. <u>Order to Petitioner to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust State Court Remedies</u>

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Further, Petitioner is INFORMED that a failure to comply timely with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110, and it will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   January 20, 2011**                 /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE